IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| U.S. SMALL BUSINESS ADMINISTRATION, as Receiver for Acorn Technology Fund, L.P., | : : : | CIVIL ACTION |
| Plaintiff, | : : | NO. 05-190 |
| v. | : : | |
| SMITH, STRATTON, WISE, HEHER, & BRENNAN, LLP, et al., | : : : | |
| Defendants. | : : | |
| SMITH, STRATTON, WISE, HEHER, & BRENNAN, LLP, RICHARD J. PINTO, ESQ., and MARSHA E. NOVICK, ESQ., | : : : : | |
| Third-Party Plaintiffs, | : : | |
| v. | : : | |
| MICHAEL WYATT, ESQ., and HOGAN & HARTSON, LLP, | : : : | |
| Third-Party Defendants. | : | |

**MEMORANDUM**

Giles, J.                                                                                             February 7, 2006

**I.     Introduction**

This controversy arises under the court's January 17, 2003 Order, which placed Acorn Technology Fund, L.P. ("Acorn") in Receivership and appointed the United States Small Business Administration ("SBA") as Receiver. On December 21, 2004, the SBA requested and was granted leave to lift the receivership stay to pursue claims against certain individuals for alleged tortious conduct and for unjust enrichment as to Acorn. On January 14, 2005, the SBA

commenced the present action charging thirteen causes of action, including: 1) Attorney Malpractice, 2) Negligence, 3) Breach of Fiduciary Duties, 4) Aiding and Abetting Breach of Fiduciary Duties, 5) Aiding and Abetting Gross Negligence, 6) Aiding and Abetting Wrongful Conduct, 7) Aiding and Abetting Conversion, 8) Aiding and Abetting Waste, and 9) Unjust Enrichment.

On August 8, 2005, Defendants Smith, Stratton, Wise, Heher & Brennan, LLP, Richard J. Pinto, Esq., and Marsha E. Novick, Esq. (hereinafter "Smith Stratton"), answered the complaint and filed a Third-Party Complaint against Michael Wyatt, Esq. and Hogan and Hartson, L.L.P. (hereinafter "Hogan and Hartson"). On October 4, 2005, Hogan and Hartson filed a Motion to Dismiss the Third-Party Complaint. On October 21, 2005, Smith Stratton filed an Amended Third-Party Complaint. On November 14, 2005, Hogan and Hartson filed a second Motion to Dismiss the Third-Party Complaint. For the reasons that follow, the motion is denied.

**II.     Factual Background**

Formed in 1997, Acorn is a New Jersey Limited Partnership which was licenced to operate as a Small Business Investment Company ("SBIC") in 1999. Acorn's general partner was Acorn Technology Partners LLC ("ATP") whose President and Manager was John Torkelsen.

The essence of the SBA's claims against all defendants is that each was a knowledgeable and active participant in a scheme to use Acorn and the SBIC Program to defraud the SBA out of 32 million dollars. The SBA has alleged that John Torkelsen and some of his family members and business associates engaged in self-dealing by funneling money through Acorn and the SBIC

Program into businesses owned or operated by Torkelsen and those affiliated with him.

The complaint alleges that beginning in September of 1997 Smith Stratton "provided legal services to Acorn with respect to its licensing as a small business investment company . . . as well as with respect to its management, operations and/or investment activities." (Pl.'s Compl. ¶ 36). Smith Stratton allegedly provided legal advice and professional services to the Torkelsen family, their businesses, and the businesses of those affiliated with them. (Pl.'s Compl. ¶¶ 38-44). The Receiver argues that Smith Stratton knew or should have known that the financing of many of these companies violated the applicable SBA laws and regulations for SBICs. (Pl.'s Compl. ¶¶ 45-47). The Receiver further alleges that through their legal representation Smith Stratton was consciously involved in, or had constructive notice of, multiple illegal actions taken by its client, including the submission of false documentation to the SBA for the purpose of obtaining federal funds. (Pl.'s Compl. ¶¶ 48-49).

On October 21, 2005, Smith Stratton filed an Amended Third-Party Complaint against Hogan and Hartson arguing that to the extent any liability is assessed against Smith Stratton for claims asserted by the SBA, Hogan and Hartson is liable to Smith Stratton for contribution as joint tortfeasors. (Third-Party Compl. ¶¶ 25-26). In short, Smith Stratton claims that Hogan and Hartson was Acorn's legal counsel with regards to Acorn's compliance with the SBA laws and regulations. (Third-Party Compl. ¶¶ 10, 12-14).

On November 14, 2005, Hogan and Hartson filed a Motion to Dismiss the Third-Party Complaint arguing that it is improper under Rule 14(a) of the Federal Rules of Civil Procedure. Hogan and Hartson argues that the allegations of the third-party complaint seek to establish that Hogan and Hartson is solely responsible to the SBA for the alleged violations of the Small

Business Act and its Regulations.  Hogan and Hartson asserts that Rule 14(a) only permits the assertion of a third-party complaint where the third-party plaintiff claims that the third-party defendant is liable to it for all or part of the original plaintiff's claims.  Hogan and Hartson argues that Smith Stratton has not factually alleged the basis for a joint tortfeasor relationship which could give rise to liability from Hogan and Hartson to Smith Stratton.

Smith Stratton responds that under Rule 8 of the Federal Rules, it is entitled to plead in the alternative such that it can simultaneously deny any liability owing between itself and the SBA while at the same time arguing that if liability is established, that Hogan and Hartson is liable to it for contribution.  Smith Stratton argues that it has sufficiently alleged a joint tortfeasor relationship by noting that both law firms provided concurrent representation to Acorn during the time period at issue.

### III.     Motion to Dismiss Standard

Dismissal of a complaint pursuant to Rule 12(b)(6) is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  The court must accept all of plaintiff's allegations as true and draw all reasonable inferences therefrom.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) ("the material allegations of complaint are taken as admitted"); Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993) ("[a]t all times in reviewing a motion to dismiss we must 'accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom.'" (quoting Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990))).

IV.     Discussion

Rule 14(a) authorizes a defendant to bring into a lawsuit any person "not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed. R. Civ. P. 14(a). It is well settled that "a third-party defendant may not be impleaded merely because he may be liable to the plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 368 n. 3 (1978) (emphasis in original). Rather, "under Rule 14(a), a third-party complaint is appropriate only in cases where the proposed third-party defendant would be secondarily liable to the original defendant in the event the latter is held to be liable to the plaintiff." Barab v. Menford, 98 F.R.D. 455, 456 (E.D. Pa. 1983). Therefore, the "crucial characteristic of a Rule 14 third-party claim is that the original defendant is attempting to transfer to the third-party defendant all or part of the liability asserted against him by the original plaintiff." In re One Meridian Plaza, 820 F. Supp. 1492, 1496 (E.D. Pa. 1993). Because Rule 14 is procedural in nature and does not create any substantive rights, the viability of Smith Stratton's claim for contribution must be assessed in light of the substantive law of contribution between joint tortfeasors in New Jersey.

New Jersey recognizes a right of contribution between joint tortfeasors. Joint Tortfeasors Contribution Law, N.J. Stat. Ann. § 2A-53A-2 (West 2000). Joint tortfeasors are defined as "two or more persons jointly or severally liable in tort for the same injury to person or property." N.J. Stat. Ann. § 2A-53A-1. The essence of the joint tortfeasor relationship is "common liability at the time of the accrual of plaintiff's cause of action." Cherry Hill Manor Assoc. v. Faugno, 861 A.2d 123, 128 (N.J. 2004) (quoting Markey v. Skog, 322 A.2d 513, 518 (N.J. Super. Ct. Law Div. 1974)). Therefore, in order to determine whether Smith Stratton has sufficiently alleged a

joint tortfeasor relationship the court must ask whether Smith Stratton and Hogan and Hartson are alleged to share a common liability to the SBA for the same injury at the same time that the SBA's cause of action accrued.

Accepting all of Smith Stratton's allegations as true and drawing all reasonable inferences therefrom, this court cannot say that Smith Stratton's claim for contribution fails as a matter of law.  Smith Stratton alleges that Hogan and Hartson provided legal advice and representation to Acorn regarding Acorn's compliance with the SBA Act and its Regulations during the same time the SBA has alleged that Smith Stratton provided such advice and representation.  (Third-Party Compl. ¶¶ 10, 12).  In support of its claim, Smith Stratton notes that "[b]oth" Hogan and Hartson and Smith Stratton "are listed on Acorn's SBIC license application as professionals that provided assistance to Acorn in applying for a license as an SBIC."  (Third-Party Compl. ¶ 13).  Smith Stratton also alleges that Hogan and Hartson "engaged in meetings and telephone conferences with both Novick and Pinto where he held himself out as the attorney representing Acorn on all SBA and SBIC regulatory and compliance matters."  (Third-Party Compl. ¶ 15).  While it is true that in its third-party complaint Smith Stratton denies that it provided the alleged legal advice to Acorn which forms the basis for the SBA's cause of action, these averments do not necessarily defeat its claim for third-party liability by Hogan and Hartson.  The SBA has claimed that as Acorn's attorneys Smith Stratton either knew or should have known that certain actions of Acorn were illegal.  In its third-party complaint Smith Stratton is alleging that, while it was legal counsel to Acorn, it did not understand its obligation to include representation on SBA compliance and that it did not deliver such legal representation.  However, Smith Stratton argues, if it is adjudged that as legal counsel it knew or should have known of Acorn's illegal activity,

that Hogan and Hartson is also liable to it for contribution as a joint tortfeasor given that Hogan and Hartson was also legal counsel to Acorn at the same time the SBA's right of action against Smith Stratton accrued. At this point, these allegations suffice to allow Smith Stratton to proceed with its third-party complaint against Hogan and Hartson and for Hogan and Hartson to answer.

**IV.     Conclusion**

For the foregoing reasons, the Third-Party Defendants' Motion to Dismiss the Third-Party Complaint is denied.

An appropriate Order follows.